No. 9742.

ALBERTSON ET AL. v. CLARK.

Decided April 4, 1921.   Rehearing denied May 2, 1921.

Action for attorney fees.   Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Findings on Conflicting Evidence.*  Findings of a jury on conflicting evidence will not be disturbed on review.

2.       *Abstract—Exhibits.*  Error assigned on the admission of exhibits in evidence, will not be considered where the exhibits are not abstracted.

3. RES ADJUDICATA—*Plea—Same Fact.*  To support the plea of *res adjudicata*, it is essential that the question at issue in the second action shall have been presented and determined in a former suit between the same parties.

The cause of action need not be the same if the fact determined is the same in both actions.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. THEODORE H. THOMAS, for plaintiffs in error.

Mr. W. E. CLARK, *Pro se.*

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error, a lawyer was employed in that capacity in two causes, known respectively as "The Berkowitz Case" and "The Mason Case," and upon the termination of the litigation brought separate suits for his fee in each.   The former came to this court for final determination and was decided here November 3, 1919.   *Albertson v. Clark,* 67 Colo. 477, 185 Pac. 256.   The latter is the one now before us.   The parties are designated as in the trial court.

Plaintiff sued for $10,000. The cause was tried to a jury and upon its verdict judgment was entered in favor of plaintiff for $4000. To review that judgment defendants bring error.

Two defenses were set up in the answer. 1. Denial of the value of the services, and denial of any employment by, or services rendered for, the defendant company. 2. Employment by and services rendered for Albertson alone, under and by virtue of Exhibit "F," the alleged contract of employment pleaded in *Albertson v. Clark, supra,* and therein adjudged a forgery. The reply pleaded *res adjudicata* as to that contract.

It is only necessary to notice three contentions made by defendants: 1. That the verdict is unsupported by the evidence; 2. That Exhibits "B" and "C" were improperly admitted; 3. That the forged contract, and all evidence concerning it, and all evidence of conversations leading up to it, were erroneously withdrawn from the jury.

1. The evidence before us is in many particulars in direct conflict. There is evidence that plaintiff's services were skillfully performed, and the contrary. There is evidence that those services were worth as high as $15,000 and as low as $250. Under such circumstances the findings of the jury will not be disturbed. *Hallack et al. v. Stockdale et al.,* 14 Colo. 198, 200, 23 Pac. 340.

2. Exhibits "B" and "C" were not abstracted, hence the assignment with reference to their admission will not be discussed. *Zall Jewelry Co. v. Stoddard et al.,* 68 Colo. 395, 190 Pac. 506, 507.

3. To support the plea of *res adjudicata* it is essential that the question at issue in the second action shall have been presented and determined in a former suit between the same parties. *Fehringer v. Drug Co.,* 56 Colo. 445, 138 Pac. 1007. The only inquiry is as to the identity of the parties and the issue. *Williams v. Hacker,* 16 Colo. 113, 26 Pac. 143. The cause of action need not be the same if the fact determined is the same in both actions. The adjudication of a fraudulent consideration for a note

sued on is conclusive in a suit on a second note, given at the same time and based upon the same consideration. *Gardner v. Buckbee,* 3 Cow., 120 (N. Y.), 15 Am. Dec. 256.

In the instant case the denial by defendant company of any employment of plaintiff, or any service rendered by him in its behalf, and defendant Albertson's plea that the identical service sued for was rendered solely at his instance and request, and that Exhibit "F" was the sole contract relating thereto, limits the issue to one between plaintiff and defendant Albertson. The parties are therefore the same as in *Albertson v. Clark, supra,* and the point in issue is the same. The contract, which it is alleged covered the fee to be paid in the Mason case, is the identical contract which it was alleged covered the fee to be paid in the Berkowitz case. The sum named therein was a lump sum for the two cases. In the very nature of things if that contract was a forgery as to the Berkowitz case it is a forgery as to the Mason case.

It is further contended that the plea is not good because, at the time of the trial of this cause, *Albertson v. Clark, supra,* was pending here on an undetermined application for a supersedeas. Judgment was entered in that case June 9, 1919. The stay of execution therein expired July 24, 1919. Application for a further stay was denied July 25. Application for supersedeas was not filed here until July 31. The instant case was tried September 16, 1919. It follows that at the time of the trial no obstacle existed to the issuance of execution by the trial court in the former cause. The judgment was final and the plea was good.

Finding no reversible error in this record the judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.