CALDWELL v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit. December 9, 1929.

No. 83.

For former opinion, see 36 F. (2d) 738.

F. H. Reily and Mark Goode, both of Shawnee, Okl. (Charles E. Dierker and John L. Goode, both of Shawnee, Okl., on the brief), for appellant.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Fred A. Wagoner, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge. This appeal was argued at the June term of this court, together with the appeal in No. 84, Jess M. Caldwell v. United States of America, 36 F.(2d) 738. The trial court had imposed concurrent sentences in the two cases. This court examined the briefs in both cases, and filed an opinion dealing more specifically with the errors complained of in case No. 84, and concluded that opinion as follows:

"It is unnecessary to consider in detail case No. 83. The offenses there charged were a part of the same general plan to disclose a fictitious asset of $120,000, the sentence was concurrent with the sentence in case No. 84, and the defendant cannot be prejudiced by error, if any, on that trial."

In a petition for rehearing filed in case No. 83, the appellant demands either an opinion in case No. 83, or a reversal of this case for a new trial, and the reversal of No. 84 for resentence. The argument of the appellant as to the error of this court in the method of handling these cases, is not convincing. However, having examined the record and the briefs in case No. 83 before the former opinion was written, it is a simple matter to comply with the request of appellant and write this opinion in case No. 83.

In case No. 83 the indictment charged:

"That on or about the 7th day of July, 1923, at and within Pottawatomie County, in the Western District of the State of Oklahoma, and within the jurisdiction of this court, one Jess M. Caldwell, then and there being, and being then and there cashier of the National Bank of Commerce of Shawnee, Oklahoma, said bank being then and there a banking association, duly organized, existing and doing business as a bank at Shawnee, in said Western District of Oklahoma, under and by virtue of the laws of the United States, and a member bank of the Federal Reserve Bank of the Tenth Federal Reserve District, the said Jess M. Caldwell, being then and there such Cashier as aforesaid, with intent to injure and defraud said bank, to deceive its officers, to deceive the Comptroller of the Currency, and any agent appointed to examine the affairs of said bank, did then and there unlawfully, willfully, fraudulently and feloniously, in a certain report to the Comptroller of the Currency of the condition of said bank at the close of business, June 30, 1923, which said report was duly called for by said Comptroller, make and cause to be made a false entry of the figures '157,896.17'; in schedule two (2) of said report, 'Cash in vault and amount due from National Banks,' and on line lettered 'J' in said schedule, 'Amount due from National Banks,' said Jess M. Caldwell inserted and caused to be inserted said figures '157,896.17,' then and thereby falsely stating and showing that said National Bank of Commerce of Shawnee had due and owing it from National Banks the sum of one hundred fifty-seven thousand eight hundred and ninety-six and 17/100 dollars ($157,896.17), when in truth and in fact there was not due said National Bank of Commerce of Shawnee from National Banks not more than the sum of thirty-seven thousand eight hundred ninety-six and 17/100 dollars ($37,986.17), as the said Jess M. Caldwell then and there well knew;

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America.

"And the grand jurors aforesaid, do further find and present: That on or about the 7th day of July, 1923, at and within Pottawatomie County, in the Western District of the State of Oklahoma, and within the jurisdiction of this court, Wallace Estill, Jr., and R. S. Caldwell, then and there being, with intent to injure and defraud said bank, to deceive its officers, to deceive the Comptroller of the Currency, and any agent appointed to examine the affairs of said bank, unlawfully, willfully, fraudulently and feloniously aid, abet, counsel, advise and procure the said Jess M. Caldwell to make this false entry in said report, in the manner and form aforesaid."

First. The sufficiency of this indictment is challenged on the following grounds:

(a) "That the indictment fails to allege that the report in which the false entry is claimed to have been made was a report of a Federal Reserve Bank or a member bank." This objection is so tenuous that it defies analysis. A mere reading of the indictment discloses its lack of merit.

(b) That the indictment fails to allege that "the report in which the false entry is claimed to have been made was a report re-

quired by law to be made by the bank or its officers." The statute makes it an offense for any officer of any Federal Reserve Bank to "* * * make any false entry in any book, report or statement of such federal reserve bank or member bank. * * *" The indictment is sufficient in this respect.

(c) In the allegation as to the falsity of the report, there is a double negative. There can be no possibility of successful contention that the appellant was misled thereby. The indictment is sufficient to apprise the appellant of the nature of the charge against him and to enable him to prepare for trial.

■ Second. Error is predicated upon the ground that the court lost jurisdiction to impose the sentence by an indefinite continuance for sentence. This point is fully covered in our opinion in case No. 84.

Complaint is made in the petition for rehearing in this case, and in No. 84, because of the statement contained in that opinion, "that a postponement of a sentence for the purpose of hearing and deciding a motion for new trial," is not such a postponement as will oust the court from jurisdiction to impose sentence. It is urged that the record does not disclose that the pendency of the motion for a new trial was the reason for the postponement. The record does disclose that the verdict came in on the 31st day of May, 1926, and that the cause was then continued for sentence until June 7, 1926. A motion for new trial was filed on June 5, 1926. On October 8, 1927, the cause was continued for sentence "to the next term of this court." On the 26th day of May, 1928, the motion for new trial came on for hearing and was overruled. On the same day the sentence was imposed. Whether the postponement of the sentence was on account of the pendency of the motion for a new trial need not be mooted. The fact still remains that the court does not lose jurisdiction to impose sentence as long as a motion for a new trial is pending and undisposed of, particularly where the record fails to show any effort by the appellant to procure a decision on his motion.

■ Third. It is urged that the evidence at the trial was insufficient to prove the charge as laid. Again we are confronted with the absence of a bill of exceptions. Instead of a narrative statement of the evidence, counsel have caused to be printed a complete transcript of the proceedings at the trial. What was said in case No. 84 is applicable here.

Upon petition for rehearing counsel complain that this cause was first docketed in the Eighth Circuit. That is quite beside the point. In 1925, in a criminal case, the Eighth Circuit Court of Appeals held that a complete transcript of the proceedings at the trial was not a bill of exceptions. Marr v. United States, 8 F.(2d) 231. More than a year before the transcript in this case was printed in the Eighth Circuit (February 8, 1929), the Supreme Court of the United States held that the statute and rule applies "in every kind of action or suit, where a review is sought in the Circuit Court of Appeals." Barber Asphalt Co. v. Standard Co., 275 U. S. 372, 48 S. Ct. 183, 72 L. Ed. 318. Nearly four years elapsed between the decision of the Marr Case and the filing of this record. That is long enough for counsel to familiarize themselves with elemental rules of procedure.

It appears from the petition for rehearing that counsel endeavored to secure the approval of the district attorney to a belated condensation of the evidence. The statement in the former opinion that counsel "neglected" to secure the approval of the district attorney for the condensation should perhaps be changed to a statement that they "failed" to secure the approval. The result, however, is the same.

In case No. 83, as in case No. 84, we have read sufficient of the evidence, to disclose that there is no merit in this assignment. Counsel particularly claim that the indictment charges that the "National Bank of Commerce of Shawnee, Oklahoma," was a member bank, and its certificate of stock in the Federal Reserve Bank of Kansas City, described it as "National Bank of Commerce, Shawnee, Oklahoma," and that the signature of a countersigning agent was illegible. These objections are so frivolous as to reflect upon the good faith of the assignment.

■ Fourth. Error is claimed as to the instructions. The instructions were essentially the same as those in case No. 84, although the exceptions and the assignments of error are somewhat different. Isolated sentences are picked out of the charge, and attack centered thereon. The charge must be read as a whole. So reading it, we find it to be a full and fair statement of the law.

A supplemental charge is complained of. We have examined it as a whole, and find no fair cause for complaint.

■ Fifth. Complaint is made concerning the admission of evidence as to false entries in the sum of $120,000, in the books of the bank, 16 days prior to the false entry of the same amount in the report to the comptroller charged in the indictment. As a part of the

transaction, the government had a perfect right to show that the defendant first falsified the books of the bank, and then falsified the report to the Comptroller to correspond. This assignment is entirely without merit.

Section 269 of the Judicial Code, as amended (title 28, § 391, U. S. Code [28 USCA § 391]) provides: "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." We have examined the briefs and records in this case, as well as in No. 84, as admonished by the statute, and find no error which, in our judgment, has affected the substantial rights of the appellant.

The judgment and sentence will, therefore, be affirmed.