**PRUDENTIAL INS. CO. OF AMERICA v. ZORGER.**

**No. 5809.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 20, 1936.

Rehearing Denied Dec. 15, 1936.

Nathaniel Rubinkam and William S. Allen, both of Chicago, Ill., for appellant.

A. W. Martin and Edward H. S. Martin, both of Chicago, Ill., for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

This was an action brought by plaintiff, George F. Zorger (appellee here), against the Prudential Insurance Company of America (appellant here) to recover total and permanent disability benefits for the period from March, 1932, to October, 1934, under a life insurance contract. He had previously brought suit in the state court on a like claim under the same contract but for the period from June, 1930, to March, 1932, and had obtained a judgment against defendant which has since been affirmed by the Appellate Court of Illinois (Zorger v. Prudential, 282 Ill.App. 444).

Plaintiff supported his complaint by an affidavit under the provisions of the Illinois Civil Practice Act (Smith-Hurd Ill.Stats. c. 110, § 125 et seq.), setting forth, among other things, the previous adjudication by the state court on the question of his total and permanent disability, and upon this fact

being conceded by defendant, moved for summary judgment for benefits covering the later period. His motion was allowed and judgment entered accordingly without a trial, on the theory that by reason of the previous judgment of the state court the question of plaintiff's total and permanent disability was not now open for consideration. This appeal followed.

The answer to the present problem hinges on the construction to be placed upon the word "permanent" when used in connection with the disability provisions of insurance contracts. If it is to be given the strict and narrow meaning of unchangeable under any and all circumstances, then indeed there is no logical reason why a judicial determination of such condition, once had, should not endure for all time.

The insured, however, has never been held to such a narrow and restricted meaning of the word "permanent" when seeking benefits under a policy providing for payments when permanently disabled, but rather has been permitted recovery upon proof of a condition that would appear at the time to be reasonably certain to continue. Johnson v. Mutual Trust Life Ins. Co., 269 Ill.App. 471; Victor v. Prudential Ins. Co., 284 Ill.App. 90, 1 N.E.(2d) 441; Starnes v. U. S. (D.C.) 13 F.(2d) 212. Mut. Life Ins. Co. of N. Y. v. Wheatley, 243 Ky. 69, 47 S.W.(2d) 961. He has never been held to the duty of establishing a condition that would not under any circumstances yield to treatment and must forever remain steadfast. It would be unreasonable that he be required to exclude all possibility of improvement to entitle him to prevail.

The same meaning must be accorded the word when dealing with the rights of the insurer. The rule that the language of an insurance policy having been placed therein by the insurer, is to be construed most strongly against it, has no application here, as urged by appellee, and is no justification for giving one meaning to the word when defining it for the benefit of the insured and another when invoked by the insurer. Where the insurer can establish that the insured has ceased to be totally disabled, it would seem, therefore, that it should be permitted to do so, notwithstanding a former adjudication of permanency. Otherwise, we might have the anomalous situation of a man going about his daily business in the full vigor of health and at the same time receiving monthly benefits on account of total and permanent disability. Or, conversely, a man may be confined to his bed, a hopeless invalid, dependent upon others for care, but unable to collect insurance benefits because three years previously in an action covering an earlier period a jury had found against him.

This would be abhorrent to justice and rules of law should not be construed to produce such result.

Medical science has as yet discovered no way in which a man who has suffered the complete loss of both legs can have them restored. Under the terms of a contract of insurance providing for benefits for permanent disability, such condition may be said to be fixed and unchangeable, and when it has once been adjudicated that an insured has suffered the loss of both legs, under conditions covered by his policy, no reason appears why any one should ever be permitted to relitigate that question. But where a man's disability is described as an "exophthalmic goiter and a bad heart condition," as in this case, who is there of so little faith in medical science as to assert that such condition must and will remain unchangeable?

Reliance is placed by appellee upon the Supreme Court's language in United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 292, 74 L.Ed. 887, wherein it is said, "undoubtedly, when one's right to recover is established by judgment, the Veterans' Bureau will pay him installments maturing in his favor after the commencement of the action." This is asserted by appellant to be dictum, but even so, the language must be considered in its application to the question then under discussion by the court. In that case the soldier had insurance payable in installments in the event of death or total permanent disability. He had presented a claim during his lifetime to the Veterans' Bureau for disability payments which had been disallowed. He then died and suit was brought by his administratrix to recover the aggregate amount of such disability payments accruing to the date of his death. Later the beneficiary intervened and claimed installments falling due after his death, and one of the questions before the court was whether the judgment in favor of the beneficiary should also include installments maturing after the intervention by the beneficiary. The language quoted was used by the court in connection with the beneficiary's right to recover, which was a right maturing only upon the

death of the soldier. The court's comment had no relation whatever to any finding of total and permanent disability of the soldier and in no sense related to the suit by the administratrix. The fact of death, being once determined, was obviously not again a subject of inquiry by any court. It will thus be seen that the quoted language, though dictum, was entirely apropos the matter then under consideration, but has no bearing whatever on the question now before the court. .

In Mutual Life Insurance Company of New York v. Treadwell (C.C.A.) 79 F.(2d) 487, in considering the action of the lower court in fixing liability of defendant (on a policy somewhat similar to the one involved in the instant case) for the entire life of the insured, the court used language similar to that in the Worley Case and cited same with approval. This was of course purely dictum, as the court modified the judgment of the lower court by limiting plaintiff's recovery to the installments due at the time of the filing of suit.

Appellee also relies upon the case of City of New Orleans v. Citizens' Bank, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202. In that case it was sought to collect a certain tax from the bank under a Louisiana statute. The bank claimed exemption from such tax by reason of a special charter from the state of Louisiana, exempting it from taxes. In previous litigation this issue had been determined in favor of the bank, and the case holds that such former determination was res adjudicata, even though the tax now claimed was for a subsequent year.

This case has no application to the case before us, except as it deals with the two separate periods of time. In that respect it is authority for saying that the mere fact that plaintiff's claim is for a different period of time than was involved in the former suit is not in itself any justification for denying the application of the principle of res adjudicata (or more properly, estoppel). The marked difference between that case and the one before us, however, is in the character of the judicial determination. In the one, the terms of a bank's charter, granted by a sovereign state, were held a bar to a recovery of taxes, in the other, the determination of a physical disability. Obviously, if a bank's charter was a bar to one year's taxes, it was to another; but a person may be disabled to-day, yes, totally and permanently, as those terms are used in insurance contracts, and in a year from now be fully and completely recovered.

The cases of State of Oklahoma v. Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831, and Southern Pacific R. R. Co. v. U. S., 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355, cited by appellee, are likewise inapplicable to the case before us.

In the case of U. S. F. & G. Co. v. McCarthy (C.C.A.) 33 F.(2d) 7, 70 A.L.R. 1447, the insured had previously brought suit and recovered for continuous and total disability. In a second action to recover for a subsequent period, the District Court directed a verdict for the plaintiff on the ground that the previous suit had determined the question. The Eighth Circuit, in reversing the judgment of the District Court, held that the subsequent suit was a distinct and separate cause of action. This case did not, however, involve the question of permanency.

In Johnson v. Mutual Trust Life Insurance Company, supra, the Appellate Court of Illinois, in passing upon the provisions of a policy similar to the one in the instant case, held that the insured need not establish that he would be disabled for the remainder of his life in order to bring himself within the permanent disability clause of his policy, as that would be, as a practical matter, impossible. They held that where it appears that insured is totally disabled and that such disability would, so far as possible to ascertain at the time, be permanent, he was entitled to recover.

We do not accept the former determination of plaintiff's total and permanent disability in a suit to recover benefits for the stated period as a foreclosure for all time of the insurer's right to question either the totality or permanency of such disability when sued for subsequent benefits.

Appellee advances, as an additional reason for sustaining the judgment, the insufficiency of defendant's affidavit of merits. Section 57 of the Illinois Civil Practice Act, Smith-Hurd Ill.Stats. c. 110, § 181, Illinois Rev. Stat.1935, c. 110, par. 185, provides: "Subject to rules, if the plaintiff, in any action upon a contract, express or implied * * * shall file an affidavit or affidavits, on the affiant's personal knowledge, of the truth of the facts upon which his complaint is based, * * * the court shall, upon plaintiff's motion, enter a judgment in his favor for the relief so demanded, unless the defendant shall, by affidavit

of merits filed prior to or at the time of the hearing on said motion, show that he has a sufficiently good defense on the merits to all or some part of the plaintiff's claim."

This section of the statute has been supplemented by rule 15 of the Supreme Court of Illinois, 355 Ill. 20 (Smith-Hurd Ill. Stats. c. 110, § 259.15), which provides as follows:

"Rule 15—(1) The affidavits in support of a motion for summary judgment shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the plaintiff's cause of action is based; shall have attached thereto sworn or certified copies of all papers upon which plaintiff relies; shall not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto. If all the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used.

"(2) Affidavits of merits to prevent the entry of a summary judgment shall be drawn in the same manner as the affidavits mentioned in the foregoing paragraph of this rule."

An examination of defendant's affidavit of merits convinces us that the challenge thereto is well made, as it discloses only a feeble attempt to comply with the statute and rule quoted above. This, however, will not justify the plaintiff in asking for a summary judgment unless he has himself supported his complaint by a showing in compliance with such statute and rule. We, therefore, examine plaintiff's affidavit in support of his motion for summary judgment, and aside from those matters dealing with the former judgment in the state court, which we have already discussed, he says, "I am the Plaintiff in the above-entitled cause. I make this affidavit on my personal knowledge. Being sworn as a witness I can testify competently to the facts herein stated. The statements made in the plaintiff's complaint in the above entitled cause are true in substance and in fact. * * *" We then resort to his complaint so far as it relates to the disability of the plaintiff, and the only allegation in relation to such disability is, as follows: "(3) The plaintiff, on or before June 4, 1930, while said policy was in full force and effect, became, while less than sixty years of age, totally and permanently disabled, physically and mentally, to such an extent that the said plaintiff then and there was and is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of any financial value during the remainder of the plaintiff's lifetime, and such disability occurred after the payment of the first premium on the policy of insurance aforesaid, and before any nonforfeiture provision became operative. The first premium due on said policy was paid to defendant on or about the date of said policy." We thus see that plaintiff has also failed in his compliance with the statute and rule referred to, in that his allegations of disability are pure conclusions and do not set forth with particularity the facts upon which his cause of action is based and which facts would be admissible in evidence. Consequently, the rule that has been invoked against defendant's affidavit of merits is equally applicable to the plaintiff's affidavit in support of his claim, and if we are correct upon the first question discussed in this opinion, there would remain no reason why the plaintiff should otherwise be entitled to a summary judgment.

The judgment of the District Court is reversed, and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.