No. 14,751.

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA
v. KORTZ.
(125 P. [2d] 640)

Decided March 23, 1942. Rehearing denied May 11, 1942.

Mr. LOWELL WHITE, for plaintiff in error.

Mr. SIMON QUIAT, Mr. SAMUEL S. GINSBERG, Mr. NATHAN H. CREAMER, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

DEFENDANT appears here as plaintiff in error, and plaintiff as defendant in error; they are herein designated as plaintiff and defendant.

Plaintiff instituted an action in the district court on a life insurance policy, executed by defendant, to recover a judgment for accrued monthly disability payments and the return of certain premiums, on the ground that he had become totally and permanently disabled by arthritis, with a heart ailment as a contributing cause, within the disability provision of said policy. The jury returned a verdict in his favor, and judgment was entered thereon. In prosecuting a writ of error to reverse the judgment, defendant specifies sixty-five alleged errors as grounds for reversal, all of which may be reduced to three propositions: 1. That the evidence does not sustain the verdict and judgment; 2. that the court erred in the admission and exclusion of evidence; and 3. that the court erred in giving instructions, and in refusing to give instructions tendered by defendant.

The record is voluminous, consisting of over four hundred pages, including numerous exhibits. Objections and exceptions to the admission and exclusion of testimony permeate the whole of the bill of exceptions, and twenty-five instructions were tendered by defendant. Our examination of the record and briefs fails to convince us that the errors assigned for reversal are well founded. No good purpose would be served in setting forth in detail each and all of the alleged errors that fall within the three foregoing propositions. We note only the salient points upon which defendant relies for reversal and their decision, sufficiently for the purposes of an opinion, will indicate the disposition of propositions in large measure corollary to those noted and herein considered.

The clause in the policy on which the action is based, is as follows: "If due proof shall be furnished to the Company at its Home Office that the Insured, before

attaining the age of sixty years and while there was no default in payment of premium hereunder and this policy was in full force and effect, has either (a) become totally and permanently .disabled by bodily injury or disease so that he is and will be permanently, continuously and wholly prevented thereby from performing any work or from following any occupation whatsoever for remuneration or profit, or (b) * * * (specific disability) * * * the disability under (a) above being presumed to be permanent if it is present and has been in existence continuously for not less than three consecutive months and the disabilities under (b) above being considered in themselves total and permanent disabilities hereunder without prejudice to other causes of disability."

Plaintiff alleged that he made the due proof of disability, required to bring him under the terms of the policy, and that on the tenth day of September, 1937, he was, and continuously since that time has been, disabled by arthritis and a contributing heart ailment, all of which defendant denied.

The evidence discloses that plaintiff .for many years has been engaged in the jewelry business and sells to a very great extent on credit on the installment plan; that until August, 1937, he had actively supervised his business, purchased the merchandise, arranged the financing, assisted to some extent in the selling, prepared advertising matter, hired and discharged the help—there being ordinarily from ten to twelve employees on the payroll—and was in all departments of the store from the balcony office to the basement, keeping in close personal touch with each and all the departments of the business; that during the month of August he was afflicted with severe pain in his back and called his physician who examined him and caused x-rays to be taken which disclosed that he had an arthritic condition of the lumbar spine. Other later examinations disclosed a heart ailment which physicians testified was, with the

arthritic condition, a contributing cause of his disability. With regard to the degree of his disability, and as to the extent in which he could engage in business, such as his training fitted him to perform, the evidence was in conflict. There was testimony which, if believed by the jury, indicated that plaintiff could perform substantially all of the functions that he had performed prior to August, 1937. There was other testimony to the effect that he might perform some of these functions for a limited part of the time that he had formerly devoted thereto. There was some testimony that he could not safely engage in any substantial part of the work that he had been accustomed to perform. The trial court, we think, rightly determined that there was sufficient evidence of disability within the intent and meaning of the contract to require a submission of the case to the jury.

As is usual in such cases, a large part of the record consists of medical testimony. Each party produced as witnesses physicians whose competency in their particular fields is not challenged. None of them disputed the existence of an arthritic condition in plaintiff's spine. Physicians produced as witnesses by plaintiff, and those produced by defendant, were in sharp disagreement as to the extent of the disease, and as to the existence of a contributing heart ailment, and as to the extent of the disability resulting therefrom. One of plaintiff's medical witnesses was of the opinion that he could work a couple of hours a day at his desk without any detrimental effect; there was other medical testimony that he could not safely work at all. That he had not worked to any substantial extent during the claimed disability period was shown by his own testimony and that of other lay witnesses. These witnesses testified also as to his appearance and actions which were such as to give some indication, and thus furnish some evidence, that he was suffering a considerable disability.

The disability for which indemnity is payable under the contract is such as permanently, continuously, and wholly prevented him from following any occupation whatsoever for remuneration or profit. In *Guardian Life Ins. Co. of America v. McMurry,* 105 Colo. 11, 94 P. (2d) 1086, we had occasion to consider the same clause in a policy of the same company that is here involved. Therein we upheld recovery, even though plaintiff's disability was not such as to render him helpless. In that case we were convinced, as we are in the present one, that the words "so that he is and will be permanently, continuously and wholly prevented thereby from performing any work or from following any occupation whatsoever for remuneration or profit," are not a limitation on the preceding words, "totally and permanently disabled by bodily injury or disease," intended to apply to a situation where there is total and permanent disability that might not prevent engaging in any occupation for remuneration or profit; but on the contrary, are intended to relieve the harsh, technical meaning of the preceding words standing alone, and to cover a situation where the disability would not be utter and permanent helplessness but, as in the McMurry case, where there is a disability short of helplessness that permanently, wholly and continuously prevents the performance of any work or following any occupation for remuneration or profit. In other words, we held that totality of disability, within the intent and meaning of the contract, need not be determined in the absolute sense, but only in the relative sense that it is total if it wholly prevents one from performing any work *or* from following any occupation for remuneration or profit. In the McMurry case we held the evidence disclosed that plaintiff was unable, by reason of the disability proven, to follow any occupation for remuneration or profit, and hence that totality of disability was shown within the requirements of the policy. We think this is a reasonable and logical resolution of the conflict that ordinarily

exists between the agent's selling construction and the claim agent's settling construction of such clauses.

The California case of *Erreca v. Western States Life Ins. Co.,* 121 P. (2d) 689, was an action to recover for disability under a policy provision to all intents and purposes the same as that involved in the instant case. Factually, other than as to claimant's occupation, the case is very similar to the one at bar and the legal questions discussed cover at length practically all of the points that we have indicated as controlling in the instant case. We think the reasoning therein is sound, and it strongly supports our conclusions in the present case.

Counsel for defendant admits in his brief that plaintiff's lifetime training has been to operate his jewelry business, and as to any other employment being open to him he says, "Of course, he would not be employed by others, in Denver where others in this business are his competitors and have been for a long time." Differently expressed, it is conceded that plaintiff, by his training and business connection cannot obtain employment elsewhere at the only kind of work he is trained to do and at his age is able to do, and the question then resolves itself into the proposition of whether or not he is so disabled that he cannot perform any work or engage in any employment in connection with his own business for remuneration or profit. On this theory of construction of the clause in question the court fairly instructed the jury, and the latter having returned a verdict for plaintiff on conflicting evidence, we shall not disturb its findings. It is so definitely settled in this jurisdiction that we will not disturb fact findings of a jury based upon conflicting evidence, that citation of authority is unnecessary.

The errors assigned in admitting evidence are directed largely to evidence concerning heart disease as a contributing factor in producing disability. Nothing appeared in the complaint concerning heart trouble until defendant, by motion, requested the court to require

338

plaintiff to set up whether there were any factors other than arthritis contributing to the latter's disability. In response to this motion, and by order of court, plaintiff set out his heart condition as a contributing cause. We think no authority need be cited to support a holding that defendant, having brought that issue into the case by its own motion, cannot now assign as error that the plaintiff offered evidence which was admitted to establish it.

█ █ Complaint is made that evidence offered by plaintiff, particularly certain medical testimony, merely proved, or tended to prove, that plaintiff could not do all of the work that he had performed prior to the time that his arthritis condition and heart ailment is alleged to have become such as to entitle him to disability payments. The physician so testifying for plaintiff, stated that he could do two hours' desk work, or perform other work of a limited character part of the time. Other witnesses testified he had done no work, and one medical witness for plaintiff testified he could not safely work or engage in his former employment. Since utter helplessness need not be shown to bring plaintiff within the terms of the policy, testimony that he could not perform *all* the duties of his former employment, was admissible to show *a* disability. Other testimony was admitted tending to show that the disability was of such degree as to prevent him from doing any work or engaging in any employment for remuneration or profit. There being testimony, which, if believed by the jury, warranted a finding of total disability within the meaning of the policy, it was proper to submit the case to the jury and there was no error in denying defendant's motion for a directed verdict.

█ A great number of the objections made by defendant to the admission of testimony were predicated upon the theory that disability, to be compensated, must amount to utter helplessness, but this, as we have heretofore indicated, is not necessary under the construction

which we placed on the clause of the policy involved in *Guardian Life Ins. Co. of America v. McMurry, supra.* As supporting the construction which we have adopted, see, also, *Erreca v. Western States Life Ins. Co., supra,* and the cases therein cited.

Defendant contends that because plaintiff, during the period for which he claims disability benefits, received wages or remuneration from his company, sixty per cent of the stock of which he owned, and the remainder being owned by a brother-in-law whom plaintiff had taken into the business and trained from boyhood, is proof that during such period he was not disabled. Under some circumstances where employer and employee are strangers, such fact might be very strong evidence of no disability. It is pertinent to note that the policy does not provide indemnity if plaintiff does not receive a salary, but if he is disabled to the extent therein specified. Receiving a salary from a stranger, who had no personal or sentimental reasons for paying him except for services that were of value, would be one thing; that he was paid by a corporation owned principally by himself and partly by his brother-in-law, who was under obligations to him, is quite another. The jury was properly instructed on this phase of the case, and in the light of the verdict, doubtless considered that it was a gratuity or payment to which the brother-in-law consented for sentimental reasons growing out of the relationship that had existed between them for many years.

We have examined the twenty-five instructions tendered by defendant. No good purpose would be served in discussing each in detail. It is sufficient to say that they were based largely upon the theory heretofore mentioned, that total disability, to be indemnificatory, must be equivalent to utter helplessness, and those that were not submitted on this theory were covered in substance by those given by the court. We have examined the instructions given and defendant's objec-

tions thereto, and find that the jury was fairly and fully instructed on the issues of the case. We deem it necessary to comment on only one of such instructions, namely, No. 14. This instruction advised the jury that the contract having been prepared by the defendant company, any provisions reasonably susceptible to different interpretations, were to be more strictly construed against it and more favorably to the insured. As an abstract proposition of law the instruction is correct, and we cannot say it was inapplicable to any issue in the case. The clause in the policy requires "due proof of disability" to be furnished to the company. What is due proof is not therein defined. Proof was submitted by plaintiff, and he alleged in his complaint that he submitted due proof of disability as required by the policy. This, defendant denied, and the question of the proof submitted being such as to comply with the policy requirement of "due proof" was raised at various stages of the trial. The court instructed the jury that plaintiff alleged that he furnished such proof; that defendant denied the allegation and that this was an issue to be determined. The instruction was applicable to such issue. It would have been better practice to indicate to what specific issue the instruction was applicable, but its applicability to an issue appearing, and the jury being further advised that the instructions were to be considered as a whole and that no one of them stated all the law applicable to the case, we are of the opinion that no prejudice to defendant's rights is shown.

The judgment is affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.