### COUNTEE v. UNITED STATES.
#### No. 7865.

Circuit Court of Appeals, Seventh Circuit.
April 16, 1942.

Rehearing Denied June 3, 1942.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Julius C. Martin, Wilbur C. Pickett, and Keith L. Seegmiller, all of Washington, D. C., and J. Albert Woll and Wm. M. Lytle, both of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment, entered April 3, 1941, upon a jury verdict in favor of the Government, in a suit to recover continuing payments of total permanent disability benefits under a contract of· war risk insurance.

Plaintiff, on July 9, 1928, in the District Court for the Western District of Washington, recovered a judgment for·all accrued benefits under said contract upon a finding that he was totally and permanently disabled from November 23, 1918, to the date of the judgment. (This will hereafter be referred to as the "original case".) This judgment was ·satisfied and monthly payments were made by the Government to and including July, 1933, when they were discontinued upon a determination by the Veterans' Administration that ·plaintiff had recovered the ability to follow continuously a substantially gainful occupation.

Upon disagreement with the Veterans' Administration as to such determination, plaintiff brought suit to recover unpaid disability benefits from and after July 23, 1933. On the issue thus presented, after trial to a jury, judgment was entered in favor of the Government. Upon appeal, this court reversed the judgment. Countee v. United States, 7 Cir., 112 F.2d 447.

Again the case was tried to a jury, which resulted in a judgment favorable to the Government, from whence comes the appeal in the instant case.

The sole error relied upon for reversal is the court's refusal to direct a verdict in favor of the plaintiff or, in the alternative, the court's failure to set aside the verdict and enter judgment for the plaintiff. The essential question presented is the character of proof required to maintain the Government's side of the controversy. Plaintiff states his position in various ways, but we think it may be summarized by the following statement found in his brief: "As there was no evidence to show· what ailment of the plaintiff, or what degree thereof, the jury at the trial of said former suit found and determined constituted plaintiff's total permanent disability, there was no evidence sufficient in law to show a recovery of plaintiff from the total permanent disability established by the judgment rendered in said first suit, and in the absence of a showing as to what the jury in said first suit found or determined as to said ailment and degree thereof, evidence at the last trial of the present suit that the plaintiff's condition is no longer totally and permanently disabling is incompetent, for the judgment in the said former suit may have been based on a determination that the very same condition, both as to its existence and degree, was totally and permanently disabling, and

the effect of the evidence introduced in the last trial of the present suit would be merely to seek a retrial of an issue conclusively determined in said former suit."

The Government takes issue with this contention and argues that it was only necessary to prove that plaintiff had recovered from the total and permanent disability found by the jury in 1928, to the extent that he was possessed of the ability to follow continuously a substantially gainful occupation. The further question is presented as to which of the parties was required to carry the burden of proof, each contending that it was upon the other.

Plaintiff relies upon our former decision in support of his position and as the law of the case. The Government argues our decision has been misinterpreted by the plaintiff, but if not, it is erroneous; that it should be reexamined and modified or repudiated. In part, at least, both parties are correct. There seems to be no escape from the conclusion that plaintiff is correct in the interpretation of that portion of our former opinion which discusses the character and nature of the proof required to support the Administrator's determination that an insured has recovered to the extent of requiring a discontinuance of disability payments. An application of the principle formerly announced in this respect would seem to require a reversal.

On the other hand, a careful study of the situation has forced us to the conclusion that our former opinion was erroneous and it must be modified. We reluctantly reach such conclusion, not because of a hesitancy to acknowledge an error, but because of the trouble and expense resulting to the parties by reason of our erroneous pronouncement. The fallacy of plaintiff's contention, as well as our previous holding, is attributable to a misconception of the real issue presented and decided at the original trial, which was plaintiff's total and permanent disability at and during the period claimed. The sole issue presented in the instant case was whether plaintiff had recovered the ability to continuously follow a substantially gainful occupation. In neither case was there an issue presented or decided, as argued by the plaintiff and as was apparently held in our former decision, as to the particular disease or ailment upon which the ultimate issue was determined. Proof as to such diseases or ailments was merely evidentiary to the ultimate issue of the case.

Plaintiff's petition in the original case alleged total permanent disability resulting from heart trouble, general weakness, general disability and various other ailments of a nature to the plaintiff unknown. In the instant case there was medical testimony that the plaintiff was suffering from a heart ailment and nervous condition which would not prevent him from continuously following a gainful occupation. Plaintiff contends the Government was obligated to prove the specific ailment found by the jury in the original trial responsible for his condition and that he had recovered therefrom. As pointed out by the Government, this would be impossible because no such issue was then presented or decided. In attempting to comply with our former opinion, the Government introduced a transcript of the evidence taken at the original trial. There is no occasion for us to examine it in detail. It is sufficient to state that the testimony as to plaintiff's physical condition was seriously controverted, both by medical and lay witnesses. It must be assumed that all the evidence was considered by the jury in reaching its verdict. The evidence as to heart ailment could have been an insignificant factor in its verdict. It could have been, as is oftentimes the case, that the testimony of lay witnesses was the predominating factor. It is entirely possible that the jury had no conviction—it was not necessary that it should have—as to the precise cause of his total and permanent disability.

Assuming the false premise that the judgment in the first case was predicated upon a finding that plaintiff's heart ailment was the cause of his physical condition, he argues such issue can not be relitigated in the instant case. While not expressly so claiming, the doctrine sought to be invoked amounts to that of res adjudicata. As already pointed out, however, this contention ignores the issue originally determined and that presented in the instant case.

It must not be overlooked that the issue of total and permanent disability must be considered in its statutory rather than literal meaning. As to the physical condition of the plaintiff prior to the judgment in the original case, it would seem that the finding is res adjudicata. As to the future, however, it is only a determination of reasonable certainty that the condition will continue throughout life. Furthermore, any doubt that such decision is not decisive

as to the future is dispelled by the Regulations and Procedure, U. S. Veterans' Bureau, page 9, issued March 9, 1918, which provides that subsequent to an award of total and permanent disability, the payment of installments shall be discontinued forthwith whenever the insured has recovered the ability to continuously follow any substantially gainful occupation. In addition to this, the contract of insurance itself provides for the payment of such benefits "during such disability." Thus, by statute, as well as by the terms of the contract, the issue determined in the original case in so far as it concerned the future, was contingent upon future circumstances and conditions. Neither is it tenable to say that the hearing in the instant case was merely a review of that in the original case. The issue in the former, as the law undoubtedly contemplates, is that which was left open in the latter.

■ It follows from what we have said that the Government, in a case such as the one before us, should not be permitted to offer testimony as to the physical condition of the plaintiff prior to the time of the original trial. That condition has been determined and can not be relitigated. It also follows that any testimony as to the insured's physical condition subsequent to the original trial, material to the present issue—that is, whether the insured has recovered the ability to continuously follow any substantially gainful occupation—is admissible. Any other conclusion would ignore the plain purport of the statute and the insurance contract itself. It would prevent the discontinuance of disability payments in a case where it could be shown that the insured, subsequent to an adjudication of permanent and total disability, had been employed at hard labor every day for many years unless the Government could prove the specific ailment upon which such adjudication was made, notwithstanding such ailment was not in issue, and further prove that such ailment no longer existed. There is little, if any, merit in the suggestion that such a construction might, in some instances, work a hardship upon the insured. If such be the case, however, it is by reason of the statute which not only authorizes, but directs, the Director of the Veterans' Administration to initate such an issue when, in his judgment, the conditions and circumstances warrant. Furthermore, it is not to be assumed that the Director will abuse his discretion in this respect.

■ In the instant case, the court below, relying upon our former decision, held the burden of proof was upon the Government to establish the affirmative of its contention that plaintiff had recovered the ability to continuously follow a gainful occupation. We reaffirm our holding in this respect. In the original action the burden was upon the plaintiff to sustain, by a preponderance of the evidence, the affirmative of the issue initiated by him. In the instant case, we see no reason why the Government should not be required, in a like manner, to sustain the affirmative of the issue initiated by it. The finding in the original case of plaintiff's total and permanent disability carried with it the legal implication that such condition was reasonably certain to continue throughout life. Thus, a presumption was created in his favor which the Government was required to overcome. This necessitated that it carry the burden of proof with the right to open and close the case. We approve of a statement made by the Court of Appeals for the Third Circuit, in Anderson v. United States, 126 F.2d 169, 171, decided February 19, 1942. In discussing this question, the court, among other things, said: " * * * From these rulings the Government would draw the conclusion that the prior judgment can be given no future effect at all. This conclusion, however, is too broad. While a verdict permitting recovery under the War Risk Insurance Act cannot settle the question of future disability, it must contain a finding that the presently existing disability has a reasonable certainty of continuing. This finding cannot be ignored in future controversies. From it is born a presumption based upon the reasonable certainty of the continuance of the condition."

■■ While the case below was tried upon an erroneous theory due, no doubt, to the effort of the court to follow our previous holding, we think there was no error which would require a reversal. The only effect of the erroneous theory sought to be applied was to increase the Government's difficulties in carrying the burden of proof. In other words, the plaintiff suffered no harm by the application of such erroneous theory—in fact, it was to his advantage. In view of our present holding, there is no occasion to discuss

 

the evidence upon which the jury found the issues in favor of the Government. We have examined the testimony and are satisfied a jury question was presented and that the court properly denied plaintiff's motion for a directed verdict.

The judgment is therefore affirmed.