KORTZ v. GUARDIAN LIFE INS. CO.
OF AMERICA.

No. 2858.

Circuit Court of Appeals, Tenth Circuit.
May 24, 1944.

Rehearing Denied June 19, 1944.

Writ of Certiorari Denied Oct. 9, 1944.

See 65 S.Ct. 63.

Samuel S. Ginsberg and Nathan H. Creamer, both of Denver, Colo. (Simon Quiat, of Denver, Colo., on the brief), for appellant.

Lowell White, of Denver, Colo., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Guardian Life Insurance Company of America issued its policy of insurance covering the life of Harry Kortz. The policy contains a provision that during total and permanent disability, the company will pay the insured a specified sum monthly and will waive the payment of premiums. The insured recovered judgment in the state court for disability benefits up to March 21, 1939; the judgment was affirmed, Guardian Life Insurance Co. v. Kortz, 109 Colo. 331, 125 P.2d 640; and it was subsequently paid. Alleging that due to osteo-arthritis and a functional heart ailment he had been totally and permanently disabled since March 21, 1939, the insured sought in this action to recover the disability benefits which had accrued during that period and certain premiums which had been paid under protest. The jury returned a verdict for the company, judgment was entered accordingly, and the insured appealed.

■ The question of the effect of the adjudication of disability in the former action is presented. As we understand the law in Colorado, where a second suit between the same parties or their privies is on the same cause of action as the first, the final judgment in the former action is conclusive as to all matters which were actually litigated, and as to every issue, claim, or defense which might have been presented for determination; but where the subsequent suit between the same parties or their privies is on a different cause of action, the judgment in the former operates as an estoppel only in respect of the issues, claims, or defenses which were actually litigated and determined. In re Youngquest's Estate, 102 Colo. 105, 76 P. 2d 1117. However, a plea of res judicata will lie, even though the cause of action be not the same, if the decisive fact determined and to be determined is the same. Albertson v. Clark, 70 Colo. 129, 197 P. 757.

■ The cause of action involved in the former suit was to recover disability benefits accruing up to March 21, 1939, not afterwards; and the issue litigated and determined was whether the insured was disabled within the meaning of the policy during that period of time. The cause of action here was to recover disability benefits which accrued after March 21, 1939,

not before; and the issue litigated and determined in the court below was whether the insured was disabled within the purview of the policy during that period. Disability within the meaning of the policy was involved in both actions, but the time of the disability was entirely different and distinct. The cause of action in the two cases not being identical, and the question of the disability after March 21, 1939, not being litigated and determined in the former action, the judgment fails to constitute either res judicata or estoppel here. United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., 33 F.2d 7, 70 A.L.R. 1447, certiorari denied 280 U.S. 590, 50 S.Ct. 38, 74 L.Ed. 639.

■ Though the judgment in the former action does not constitute res judicata or an estoppel here, the pleadings and judgment were admissible in evidence as proof of the existence of disability at that time. The insured introduced in evidence copies of the complaint and the judgment. And they constituted a conclusive showing of disability at that time, gave rise to a presumption that it continued in the future, and shifted the burden to the company to go forward and show by a preponderance of the evidence that the condition no longer existed. Equitable Life Assur. Soc. v. Bagley, 192 Ark. 749, 94 S.W.2d 722; Prudential Insurance Co. v. Zorger, 7 Cir., 86 F.2d 446, 108 A.L.R. 498; Kontovich v. United States, 6 Cir., 99 F.2d 661, certiorari denied 306 U.S. 651, 59 S.Ct. 644, 83 L.Ed. 1050; Anderson v. United States, 3 Cir., 126 F.2d 169; Countee v. United States, 7 Cir., 127 F.2d 761, 142 A.L.R. 1165, certiorari denied 317 U.S. 628, 63 S.Ct. 44, 87 L.Ed. 508.

■ It is contended that the company failed to offer any substantial proof that the condition of the insured improved after the adjudication in the state court; that, at most, the evidence merely tended to show that his condition had not changed; and that therefore the court should have directed a verdict in his favor. The insured testified fully concerning his physical condition, there was medical testimony freighted with irreconcilable conflicts, and there was other evidence. It would not serve any useful end to review in detail the evidence, as no two cases of this kind are alike. It is enough to say in resume that we think the evidence as a whole, together with the inferences fairly to be drawn from it, presented for the jury an issue of fact as to whether the insured had undergone change or improvement since the adjudication in the state court.

■ The further contention is that in any event the court should have directed a verdict for the disability benefits which accrued after March 21, 1939, and prior to the time the company demanded that the insured submit proof of the continuance of his disability. The policy provides that "although the proof of total and permanent disability may have been accepted * * * as satisfactory, the Company may at any time demand due proof of the continuation of such disability, but not oftener than once a year after such disability has continued for two full years; and upon failure to furnish such proof or if it shall appear to the Company * * * that the insured is able to perform any work or follow any occupation whatever for remuneration or profit, no further * * * income payments shall be made." The rendition and payment of the judgment was tantamount to proof of disability acceptable to the company. But the policy does not provide that the payments shall continue until the insured fails to furnish requested proof of the continuance of the disability, or until it shall appear *from such proof* that he is able to work or follow an occupation for remuneration or profit. The provision reserves to the company the right to discontinue payment on failure to furnish the requested proof, or when it appears to the company as a fact that the insured can follow such occupation, regardless of the manner in which the fact is made to appear. In other words, the right to discontinue the payments is not confined to instances where the fact is made to appear *from the proof* that the insured is able to work for remuneration or profit. If it appears in fact from any source, payment may be discontinued. Therefore the insured was not entitled to a directed verdict for benefits between the dates mentioned.

■ It is urged that the court erred in its instructions to the jury concerning the burden of proof. All parts of the instructions relating to the matter must be considered together as a whole. Excerpts or particular parts are not to be segregated and considered apart from the remainder. Caldwell v. United States, 10 Cir., 36 F.2d 742, certiorari denied 281 U.S.

725, 50 S.Ct. 239, 74 L.Ed. 1143; Tanchuck v. United States, 10 Cir., 93 F.2d 534; George v. Wiseman, 10 Cir., 98 F.2d 923; Martin v. United States, 10 Cir., 100 F.2d 490, certiorari denied 306 U.S. 649, 59 S.Ct. 590, 83 L.Ed. 1048; Graham v. United States, 10 Cir., 120 F.2d 543; Dyess v. W. W. Clyde & Co., 10 Cir., 132 F.2d 972.

The court gave the conventional instruction that the burden rested on plaintiff to establish his cause of action by a preponderance of the evidence. The burden did rest on him to establish by a preponderance of the evidence the fact that he was totally and permanently disabled during the period in question. That was the primary issue joined, and the insured carried the burden of proving it. United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., 50 F.2d 2, certiorari denied 284 U.S. 652, 52 S.Ct. 32, 76 L.Ed. 553. Therefore it cannot be said that the general instruction was erroneous. But the instructions did not stop there. The jury was further instructed in substance that the adjudication of disability in the state court created a presumption that the condition continued in the future; that the presumption was strongest at the beginning and diminished in force with the lapse of time, at a rate proportionate to the quality or permanence belonging to the fact; and that the question for the jury to decide was whether the evidence in the case was sufficient to rebut or overcome the presumption. That instruction was substantially correct. Cf. United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., 33 F.2d 7, 70 A.L.R. 1447, certiorari denied 280 U.S. 590, 50 S.Ct. 38, 74 L.Ed. 639, supra. Considered as a whole, we find no substantial error in the instructions relating to the burden of proof.

Moreover, the insured did not except in any manner to the instruction in respect to the adjudication of disability creating a presumption of its continuation in the future. He did except to the general instruction but only on the ground that it was in conflict with the instruction concerning the presumption. Manifestly that exception was not well taken; and, in the absence of any other exception, there is no further question open to review.

Error is predicated upon the admission in evidence of a motion picture film showing pictures of the insured engaged in various activities. The person who took the pictures did not testify. But one who was present at the time testified fully, giving the name of the person taking them, the kind of camera used, and the circumstances under which they were taken. He testified positively that the pictures were a true and correct likeness of the things which he saw at the time they were taken. A photograph is admissible when it is shown that it is a correct likeness of the persons or objects which it purports to represent, and that fact may be shown by the person who made it or by any other competent witness. Mow v. People, 31 Colo. 351, 72 P. 1069. And generally, the question of the sufficiency of the preliminary proof to show the correctness of a photograph rests largely in the discretion of the trial court. In re Hayes' Estate, 55 Colo. 340, 135 P. 449, Ann.Cas.1914C, 531.

The final contention which deserves a word is that the court erred in submitting to the jury only one form of verdict for plaintiff in which the amount was fixed. The court instructed the jury that in the event of a verdict for plaintiff it should be in the sum of $18,791.69, representing in the aggregate the disability benefits which had accrued since March 21, 1939, and the premiums paid under protest; and the form of the verdict submitted to the jury was for that amount. It is argued that the insured suffered prejudice because the jury was precluded from finding for him in a lesser amount. But the insured did not object or except to the instruction or the form of the verdict, and did not otherwise indicate to the trial court that either met with his disapproval. The general rule having application is that ordinary questions of this kind, not going to the jurisdiction of the court, and not raised or presented to the trial court by objection, exception, or in some other appropriate manner, will not be reviewed on appeal. National Fire Insurance Co. v. School District No. 68, 10 Cir., 115 F.2d 232.

The judgment is affirmed.

PHILLIPS, Circuit Judge.

I concur in the result and with all of the opinion, except the following statement on page 3 [144 F.2d 678], "and shifted the burden to the company to go forward and show by a preponderance of the evidence that the condition no longer existed." I think the sole effect of the evidence of the judgment in the former case was to create

a presumption and cast upon the company the duty to come forward with evidence against the fact presumed sufficient to take the case to the jury. It is my view that the burden of proof did not shift. Wigmore on Evidence, 2d Ed., Vol. 5, §§ 2485, 2487, 2489.