**Maria CRESPO, Appellant,**

v.

**FIREMAN'S FUND INDEMNITY COMPANY and Fireman's Fund Insurance Company, Appellees.**

No. 18182.

United States Court of Appeals Ninth Circuit.

May 27, 1963.

Kenneth E. Young, Honolulu, Hawaii, for appellant.

Robertson, Castle & Anthony, J. Garner Anthony and Burnham H. Greeley, Honolulu, Hawaii, for appellees.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

Maria Crespo, appellant herein, obtained a consent judgment in the amount of $35,000 in the First Circuit Court of Hawaii against one Gus Nakamoto, the judgment being predicated upon a complaint alleging that Nakamoto, while negligently operating an automobile caused the death of one upon whom appellant was dependent. Appellant subsequently brought an action in the United States District Court for the District of Hawaii against appellees to recover un-

der an insurance policy that had been issued to Nakamoto. The case was tried before a jury, a verdict being returned upon interrogatories for appellees. A judgment was entered in favor of appellees and a timely notice of appeal therefrom filed by appellant with this court. The district court had jurisdiction by virtue of diversity of citizenship of the parties and the existence of the requisite jurisdictional amount. We have jurisdiction under the provisions of 28 U.S.C. § 1291.

The insurance policy in question described a Buick passenger automobile as the insured vehicle, but extended coverage to any other vehicle driven by Nakamoto except (1) a vehicle while used for the towing of any trailer owned or hired by the insured; (2) any vehicle owned by or furnished for his regular use (other than the vehicle specifically described in the policy); and (3) any vehicle while used in a business or occupation of such named insured. At the time of the accident Nakamoto was driving a non-owned White truck to which a two wheel generator mounted on a chassis was attached and the question was whether this vehicle was excepted from coverage under the policy. The district court submitted interrogatories to the jury as to whether any of the three exceptions listed above were applicable. Both the first and second exceptions were found to be applicable by the jury.

■ Appellant contends on appeal that the district court's instruction No. VIII, relating to the construction to be placed on the term "trailer" for the purpose of the first exception mentioned above, was erroneous. At the trial appellant's counsel did not object to this instruction and in fact told the court that he thought it to be very well written. Under Rule 51 of the Federal Rules of Civil Procedure, no "party may assign as error the giving or the failure to give an instruction *unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.*" [1] (Emphasis supplied.) The provisions of this rule were not complied with and appellant may not now complain of any error or inconsistency in the instructions.[2] Although appellant urges us to apply the "plain error" rule, this court has refused to apply that rule in civil cases when there has been a failure to comply with the requirements of Rule 51.[3] It should also be noted that even had appellant objected to instruction VIII, a determination that this instruction was erroneous would not necessitate reversal of the judgment. The jury found that the vehicle had been furnished for Nakamoto's use and appellant does not contend on appeal that this finding is unsupported by the evidence. This was a separate exception under the policy, the applicability of which alone would preclude coverage.

■ Appellant secondly contends that the court erred in refusing to give a requested instruction to the effect that any doubts as to the meaning of words of the insurance policy were to be resolved in appellant's favor. The district judge refused to give this instruction on the basis that it was covered by "the totality of the instructions" and that to give it would tend to overemphasize the point. On the record before us it is difficult to ascertain whether appellant, in connection with this proposed instruction, sufficiently complied with Rule 51. Assuming, however, that she did, we con-

1. See also Rule 18, subd. 2(d) of this court which provides in pertinent part:
   "When the error alleged is to the charge of the court, the specification shall set out the part referred to *in totidem verbis,* whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial."

2. Cosper v. Southern Pacific Company, 298 F.2d 102 (9th Cir. 1961).

3. See, e. g., Bertrand v. Southern Pacific Co., 282 F.2d 569, 572 (9th Cir. 1960); Hargrave v. Wellman, 276 F.2d 948, 950 (9th Cir. 1960); Siebrand v. Gossnell, 234 F.2d 81 (9th Cir. 1956).

clude that the court's refusal to give this instruction was not reversible error.[4]

We can see no reason that would justify reversal of the district court's judgment in this case. The judgment accordingly is affirmed.

4. Appellant cites cases in which it has been held that it was *not* reversible error to instruct a jury that ambiguities are to be resolved against the insurance company. (Poncino v. Sierra Nevada Life & Casualty Co., 104 Cal.App. 671, 286 P. 729, 731 (1930); Guardian Life Ins. Co. v. Kortz, 109 Colo. 331, 125 P.2d 640 (1942); Metropolitan Life Ins. Co. v. Bovello, 56 App.D.C. 275, 12 F.2d 810, 51 A.L.R. 1040 (D.C.Cir.1926)). These cases certainly do not stand for the proposition that a failure to give such an instruction would be reversible error regardless of the factual situation of the particular case or the provisions of the policy to be construed.