NATIONAL SURETY COMPANY v. COATES.

Opinion delivered July 22, 1907.

1. JUDGMENT—RES JUDICATA.—Where it was determined upon a former trial that a contract between certain parties was rescinded, the determination of this question is conclusive upon the parties and their privies, and prevents a second adjudication of the same question in another suit. (Page 546.)

2. SAME—CONSTRUCTION OF STATUTE.—The rule that the determination of a question is conclusive upon the parties and their privies in other suits is not altered by Kirby's Digest, § 6291, providing that "successive actions may be maintained upon the same contract or transaction whenever, after the former action, a new cause of action has arisen therefrom." (Page 547.)

Appeal from Pulaski Circuit Court; *R. J. Lea*, Judge; reversed.

*W. S. McCain*, for appellant.

The court erred in striking out appellant's plea of *res judicata*. The pleas interposed by appellant in the former suit were of such nature as went to the existence of the contract itself, and appellee will not be permitted to split up his cause of action and sue for damages alleged to have accrued subsequent to the determination of that suit. 26 Mo. 583; 93 Ind. 31; 60 Wis. 428; 1 Freeman on Judgment, § § 253-256; 101 U. S. 638; 94 U. S. 351; 168 U. S. 48; 179 U. S. 220; 76 Ark. 423; 24 Ark. 177; 18 Ark. 347. See also 39 Ark. 280.

*George W. Williams*, for appellee.

*Res judicata* is no defense, the main issue not being the same. It was a continuing contract, and the first suit was for damages sustained by failure to perform the contract prior to April 1, 1904, and this action for failure to perform it since.

Wells on Res Adj. 211, 208; 24 Am. & Eng. Enc. of. L. (2 Ed.) 791; 70 Ark. 203; 14 Enc. Pl. & Pr. 93 and note; 23 Cyc. 1536; Herman on Estoppel, 79; 59 Ia. 545; 45 Am. Rep. 454; 99 Mass. 493; 82 Ark. 387; 27 Ark. 317.

McCULLOCH, J. The plaintiff, James Coates, instituted this action against the defendant, National Surety Company, to recover for a breach of conditions of a bond in the sum of $1,000, executed by the defendant to plaintiff for the faithful performance by one Bishop of a contract between the plaintiff and Bishop whereby the latter undertook to furnish for the plaintiff a sufficient number of horses and drivers and to properly perform a mail-service contract with the United States covering a period of four years from the first day of July, 1902.

The answer of the defendant as amended contained the following paragraph, to which the court sustained a demurrer:

"For further defense this defendant says that this suit was brought in this court by the plaintiff against this defendant and Bishop on the same contract and bond now set up in the complaint on or about the 24th day of March, 1903, and the two defendants in that suit set up and pleaded that said contract had been terminated, and evidence was adduced on a jury trial of said suit tending to show that said contract had been terminated and rescinded on or about the 1st day of January, 1903, and on a trial of that issue the jury in said cause found a verdict for the defendants, and this court thereupon, on the....... day of...................., 190......, entered a judgment discharging this defendant and said Bishop from any further liability on the contract and bond sued on."

The case was tried upon the defenses tendered in other paragraphs of the answer, and the trial resulted in a verdict and judgment for the plaintiff, from which the defendant appealed.

The paragraph just quoted contains a complete defense to the action, and the demurrer should not have been sustained. It is urged on behalf of the appellee that the former adjudication was not a bar to the present action for the reason that the latter is instituted to recover damages accruing since the former adjudication. This does not prevent the former judg-

ment from barring the present action. According to the allegations of this amendment, the question of the defendant's liability on the contract of suretyship sued on was determined in the former action adversely to the plaintiff's contention in this case, and therefore barred a recovery.

"A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, can not be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact, once so determined, must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." *Southern Pac. Ry.* v. *U. S.,* 168 U. S. 1. To the same effect see: *Russell* v. *Place,* 94 U. S. 606; *Lumber Co.* v. *Buchtel,* 101 U. S. 638; *Bissell* v. *Spring Valley Township,* 124 U. S. 225; *New\ Orleans* v. *Citizens' Bank,* 167 U. S. 371.

Says the court in *New Orleans* v. *Citizens' Bank, supra:* "The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, where the question upon which the recovery of the second demand depends has, under identical circumstances and conditions, been previously concluded by a judgment between the parties or their privies."

Appellee is not aided by the statute of this State relied on, providing that "successive actions may be maintained upon the same contract or transaction whenever, after the former action, a new cause of action has arisen therefrom." Kirby's Digest, § 6291. This statute does not alter the principle that when a question between parties in an action essential to its determination has once been determined in an action between the same parties, it must be regarded as final, and prevents a second adjudication of the same question. Whether or not the question of the defendant's liability on the bond had been adjudicated adversely to plaintiff in the former action, or whether the former action was determined upon other issues than those presented in this case, was a matter of proof. The rejected paragraph of the amended complaint specifically alleged that the

particular question involved in this action had been previously adjudicated in the former action, and, if true, tendered a good defense.

The court erred in sustaining the demurrer, and for this reason the judgment is reversed, and the cause remanded for a new trial, with directions to overrule the demurrer.