PHILLIPS *v*. COLVIN.

Opinion delivered July 6, 1914.

HOMESTEAD—PURCHASE MONEY—EXECUTION.—C. purchased land from B., giving B. notes for the purchase price and moving upon the land and claiming it as his homestead. C. then borrowed from P. money with which he paid off B., giving P. notes for the amount borrowed. P. recovered judgment against C. on his notes and sought to levy execution on the homestead on the ground that the money borrowed from him was used in the purchase of the same. *Held*, the homestead was exempt from execution, the debt from C. to P. being merely a debt for borrowed money.

Appeal from Columbia Circuit Court; *W. E. Patterson*, Judge; affirmed.

STATEMENT BY THE COURT.

B. S. Phillips obtained judgment against J. C. Colvin in the circuit court in an action on debt for the sum of $253.18. Subsequently, an execution was issued upon the judgment and levied upon forty-seven acres of land belonging to Colvin. The latter, after giving due notice of his intention to do so, filed his schedule claiming said land as his homestead, thereby being exempt from execution. Upon the hearing, the circuit court sustained the schedule and issued a supersedeas. Subsequently, Phillips filed a motion in the circuit court to quash the supersedeas on the ground that the judgment upon which the execution was issued was for money loaned by Phillips to Colvin for the express purpose of paying the purchase price of the land levied upon, and that on that account the land was not exempt from execution as his homestead.

Colvin filed a plea of *res judicata,* in which he stated that Phillips had instituted an action against him in the chancery court to recover an amount of money which he alleged that he had loaned Colvin for the purpose of paying the balance of the purchase money due on his homestead, and in his complaint asked that he be given a lien on the land comprising the homestead of Colvin for the amount sued for.

The court sustained a demurrer to the complaint, and dismissed it for want of equity. No appeal was taken from the decree rendered. The present case was submitted to the circuit court on an agreed statement of facts, as follows:

The defendant, J. C. Colvin, purchased from H. A. Bryant forty-seven acres of land situated in Columbia County, Arkansas, and Bryant executed to him a warranty deed therefor. The consideration recited in the deed was two hundred dollars, evidenced by two notes for one hundred dollars each, due and payable some time thereafter, with interest at the rate of 10 per cent per annum. Colvin was unable to pay the purchase money when the notes became due, and he and Bryant and the plaintiff met together and Phillips loaned to Colvin the sum of $213 for the purpose of paying the purchase price of the land. Colvin at the same time paid the money to Bryant and executed to Phillips his note for $213, bearing interest at the rate of 10 per cent per annum. At the same time the note from Colvin to Bryant was destroyed. Colvin lived upon the land at the time he borrowed the money from Phillips and claimed it as his homestead.

The court overruled the motion of Phillips to quash the supersedeas, and from the judgment rendered Phillips has appealed.

*W. H. Askew,* for appellant.

1. Money borrowed of a third person for the purpose of purchasing a homestead and used for that purpose, is purchase money within the exception to article 9, section 3, Constitution. 66 Ark. 442-444, and cases cited; 10 Cal. 385, 70 Am. Dec. 740, 741; 99 Am. Dec. 571; 12 Kan. 570; 18 Kan. 521; 87 Am. Dec. 254; 39 Ga. 466; 13 Tex. 333; 46 Ga. 204; 53 Wis. 574-581.

2. The plea of *res judicata* can avail nothing in this case, unless the question raised in this case was raised or could have been raised in the former case tried in the equity court. The question in this case was raised for

the first time on the motion to quash the supersedeas. 76 Ark. 391; 62 Ark. 398; 36 Ark. 336, 343, 344.

*Stevens & Stevens,* for appellee.

The debt for which judgment was obtained was for money loaned, and not purchase money; hence, there could be no lien against the homestead. 72 Ark. 433. Authorities cited by appellant are not contrary to appellee's contention, but rather support it.

HART, J., (after stating the facts). Counsel for the plaintiff Phillips in his brief says that the sole question raised by this appeal is whether or not money loaned by a third person to the purchaser for the purpose of paying off the balance due on the purchase price of his homestead and used for that purpose is "purchase money" to such an extent as to come within the exception of section 3, article 9, of our Constitution? The section of the Constitution in question provides that "the homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment or decree of any court or to sale under execution or other process thereon except such as may be rendered for the purchase money or for specific lien."

In the case of *Acruman* v. *Barnes,* 66 Ark. 442, Barnes borrowed from Acruman one thousand dollars for the purpose of purchasing a homestead and used it for that purpose, and the court held that money borrowed for the purpose of buying a home and so used is "purchase money" within the exception to article 9, section 3, of our Constitution.

In the present case, the facts are essentially different. Colvin executed his notes to Bryant for the purchase money of the land which subsequently became his homestead. When the notes became due he was unable to pay them, and borrowed the money from Phillips for that purpose. This was a debt for borrowed money, loaned, it is true, to pay for the land, but it is still a debt for borrowed money. The money was loaned by Phillips to Colvin to pay a pre-existing debt created for

the purpose of purchasing a homestead, and it was therefore a general loan. Phillips was not a party to the original transaction. This is the distinction made in the following cases: *Magee* v. *Magee,* 51 Ill. 500, 99 Am. Dec. 571; *Carey* v. *Boyle,* 53 Wis. 574; *Austin* v. *Underwood,* 37 Ill. 438, 87 Am. Dec. 254; *Eyster* v. *Hatheway,* 50 Ill. 521.

In the latter case, the court said:

"It was insisted that the money to secure which the deed of trust was given, was purchase money, and the premises, in any event, are liable to be sold for its satisfaction. If it were established that the money borrowed by appellant from appellee, was paid to Redick for the land, still it does not follow that it was purchase money. It appears that the premises were purchased of Redick, and the money for which this debt was incurred was paid on the last installment due on the purchase. The statute, in declaring that the homestead right should not be claimed against a debt due for the purchase money, obviously used the language in its ordinary and popular signification. All persons understand the term purchase money to mean the price agreed to be paid for the land, or the debt created by the purchase. It is not understood to mean a debt due another person than the vendor. In this case, the debt was created for money loaned and not for land purchased. Appellee sold no land to appellant, but he loaned him money. It could not matter, in this indebtedness, whether the money was subsequently paid for the same or other property. There is nothing in the case which shows the relation of vendor, and vendee between these parties, and this provision of the statute only applies to parties occupying that relation, or those representing them, and for a debt created by the purchase of the homestead."

It is not contended by counsel for the plaintiff that he is entitled to be subrogated to the rights of Bryant under the principles of law decided in the case of *Rodman* v. *Sanders,* 44 Ark. 504, or *Carr* v. *Caldwell,* 70 Am.

It follows that the judgment must be affirmed.