THE EQUITABLE LIFE ASSURANCE SOCIETY *v.* BAGLEY.

4-4292

Opinion delivered May 18, 1936.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Jas. S. McConnell,* for appellee.

JOHNSON, C. J. This is the second appearance of the subject-matter of this lawsuit here. See *Equitable Life Assurance Society* v. *Bagley,* 188 Ark. 1009, 69 S. W. (2d) 394.

On the former appearance we affirmed the decree of the Howard Chancery Court wherein it was adjudicated that appellee was totally disabled in purview of the contracts of indemnity on and prior to August 19, 1933.

This decree was fully paid by appellant, but, after paying the monthly installments for only a few months, it refused to recognize continued total disability, or that the contracts were in existence, whereupon the present suit was instituted by appellee, Bagley, in the chancery court of Howard county to recover from appellant,

Equitable Life Assurance Society, damages to the extent of the present value of the contracts.

Upon trial of the pertinent issues joined, the chancellor decreed in favor of appellee for the present value of the contracts, but denied to him attorneys' fees and penalties as allowed by § 6155 of Crawford & Moses' Digest, from which an appeal and cross-appeal have been prosecuted to this court.

On direct appeal it is contended that the testimony adduced does not warrant the finding that appellee is totally disabled. In consideration of this contention it should be said that we stated the pertinent testimony on former appeal as follows:

"On the date the policies were issued, and at the time appellee was injured, he was engaged in running a distributing station for the Magnolia Oil Company. The distribution of the company's products to farmers and retailers was by truck. The duties incident to appellee's position required a strong, able-bodied person, and in order to obtain such a position, one had to stand and pass a satisfactory examination. Appellee received an injury in an automobile wreck on October 15, 1931, which practically destroyed the use of his left hand and arm so far as labor was concerned. On account of this injury, he was discharged by his employer on February 15, 1932, and did not seek employment until September 15, 1932. At that time, he had learned to drive an automobile with one hand, but not with the same security and speed he formerly did. He was unable to secure employment in any avocation he had theretofore followed until April 12, 1933, when he was employed by a friend, Walter Westbrook, largely through sympathy, at a salary of $30 a month to assist him in running distributing oil and gasoline station. He was unable to do many things connected with the business, such as lifting tanks of considerable weight, changing tires, covering as much territory in the solicitation of business as he formerly did, and in loading and unloading the truck. In serving the customers, he had to depend on them for assistance. If the roads were in bad condition, he did not venture out to solicit business or deliver the products. The only lift-

ing he could do was with his right hand and with his right knee or leg. Walter Westbrook, as well as appellee himself, testified that he could not install equipment, unload tank cars, load motor oil on the truck, or deliver many of the products to the customers without aid, all of which duties were required of an oil and gasoline agent or of one in charge of a distributing station.

"There is no dispute in the testimony as to the permanency of the injury and appellee's inability to perform, in the usual and customary way, the hard labor incident to any avocation or occupation for which he was qualified before the injury."

The court's finding of fact as approved by us on former appeal, that appellee was totally disabled in the purview of the contracts of indemnity on August 19, 1933, is conclusive and binding on this appeal. *Morgan* v. *Kendrick,* 91 Ark. 394, 121 S. W. 278; *National Surety Co.* v. *Coates,* 83 Ark. 545, 104 S. W. 219; Freeman on Judgments, 5th ed., vol. 2, p. 1418; 15 R. C. L., p. 974; *Southern Pac. Ry. Co.* v. *United States,* 168 U. S. 1, 18 S. C. 18, 42 L. Ed. 355; *New Orleans* v. *Citizens' Bank,* 167 U. S. 371, 17 S. Ct. 905, 42 L. Ed. 202.

In the first case cited, *supra,* we stated the applicable rule as follows: "A right, question or fact distinctly put in issue and directly determined as a ground for recovery cannot be disputed in a subsequent suit between the same parties or their privies."

Since we are concluded by the former opinion on the question of appellee's total disability on August 19, 1933, the legal query arises, what presumption attends such finding on future circumstances?

The rule seems to be that, in the absence of proof to the contrary, it must be presumed that appellee was totally disabled on August 20, 1933, and at all times subsequent thereto unless and until it is made to appear affirmatively, by testimony, that appellee has recovered subsequent to the former adjudication. See 10 R. C. L., p. 872, § 15.

In view of the stated declaration of law it follows that, after appellee introduced in evidence the testimony supporting the former adjudication, the burden

shifted to appellant to establish by a preponderance of the testimony that appellee had recovered from total disability subsequent to the former adjudication. The only difference between the testimony adduced on this trial and that produced on the former trial was to the effect that the business in which appellee is employed has enjoyed a marked increase; that appellee now receives $45 per month salary instead of $30 per month and board as formerly; that his crippled hand shows some evidence of use, and that he probably has a little better use of said member than formerly. This additional testimony falls far short of showing that appellee has recovered from total disability as formerly adjudicated. It may be that the former adjudication was wrong in principle, and in fact, but nevertheless it is an established precedent and must be treated as such.

Appellant does not complain of the amount awarded by the decree or the determination that the indemnity contracts have been repudiated by it; therefore, these features of the case are not considered or discussed by us.

On cross-appeal appellee insists that the damages awarded by the trial court in his behalf are for a sum less than the present value of the contracts, and also that he should have recovered penalty and attorney's fee as prescribed by statute. Appellee did not recover the full sum claimed in his complaint; therefore, he is not entitled to recover penalties and attorney's fee. We have so decided many times. *Mutual Life Ins. Co.* v. *Marsh,* 186 Ark. 861, 56 S. W. (2d) 433; *Mississippi Life Ins. Co.* v. *Meadows,* 161 Ark. 71, 255 S. W. 293; *Mutual Relief Ass'n* v. *Poindexter,* 178 Ark. 205, 10 S. W. (2d) 17.

Without going into a detailed discussion of the theory upon which the present worth of the insurance contracts were ascertained by the trial court, it suffices to say that the theory adopted is not in conflict with previous opinions of this court. *New York Life Insurance Co.* v. *Jacques,* 188 Ark. 46, 64 S. W. (2d) 96.

No error appearing, the decree is affirmed on appeal and cross-appeal.