RIPLEY *v.* KELLY.

4-7753                                          190 S. W. 2d 526

Opinion delivered November 26, 1945.

*Wilson & Wilson,* for appellant.

*T. O. Abbott,* for appellee.

MILLWEE, J.   Appellants instituted this suit in the Union chancery court, First Division, seeking cancellation of a deed purporting to have been executed by Joel Kelly

and wife to John M. Kelly in 1872 conveying the southeast quarter, section 9, township 17 south, range 14 west in Union county, Arkansas. The sole ground relied upon for cancellation of the deed is that it was a forgery.

Appellees filed their motion to dismiss the complaint, alleging that the cause of action stated therein was adjudicated by the Union chancery court, Second Division, by a decree rendered on the 17th day of January, 1944, which decree was by this court affirmed on December 4, 1944, in the case of *Ripley* v. *Kelly,* 207 Ark. 1011, 183 S. W. 2d 793. It was also alleged in the motion to dismiss that the original deed which appellants seek to set aside as a forgery in this suit was introduced in evidence in the former suit in an effort to prove that said deed was a forgery; that the court in the former suit held the deed to be valid; and that same conveyed the fee simple title to John M. Kelly, the grantee therein.

The cause was submitted to the trial court on January 31, 1945, upon the pleadings herein and the following stipulation of the parties:

"1. That the parties to this suit are the identical persons who were parties to appeal No. 7482 to the Supreme Court of Arkansas from the Union chancery court, Second Division, and that this suit involves the title to 160 acres of land, and that the former suit which was decided by the Supreme Court of Arkansas, on the date of December 4, 1944, involved the title to 80 acres which is a part of the 160 acres involved in this suit.

"2. That the appellants in the trial of said former suit introduced testimony in an attempt to prove that the signatures of Joel Kelly and Mary Kelly, his wife, were forged to that certain deed to John M. Kelly, dated the 22nd day of January, 1872, and recorded in Book 87 at page 286 and recorded in Book 99 at page 508 of the deed records of Union county, Arkansas.

"3. That said original deed from Joel Kelly and Mary Kelly, his wife, to John M. Kelly was introduced in evidence in the trial of said former suit and the signatures of said grantors in said deed were compared with

the admitted signatures of said grantors by the trial court, and by said trial court held to be the genuine signatures of the said Joel Kelly and Mary Kelly, his wife.

"4. It is further stipulated that at the hearing of this case before Hon. G. R. Haynie, chancellor for the Union chancery court, First Division, on the motion of the defendant's counsel that defendants' motion to dismiss the complaint of the plaintiff herein was treated by the court as an answer to said complaint, and that all of the pleadings, the decree and the mandate of the Supreme Court in said former suit were considered as admitted in testimony in this suit and all before said trial court."

In the decree from which is this appeal the court made the following findings: "That this suit is between the same parties as those who were parties to said prior suit decided by the Union chancery court, Second Division, in said cause No. 6620, and that this suit involves the same subject-matter and the same issue as that raised, presented and decided by the court in said prior decision, and that for that reason the defendants' plea of *res judicata* in this cause is a complete defense to any cause of action stated by the plaintiffs in their complaint herein, and that said complaint should be dismissed for want of equity." This appeal is prosecuted from the decree dismissing appellant's complaint.

It is insisted by appellants that they are seeking cancellation of a deed conveying 160 acres of land in this suit, whereas, in the former suit the relief sought was an accounting of proceeds from the sale of oil and gas from 80 acres of land. It is argued that since the relief sought is entirely different in the two cases the doctrine of *res judicata* has no application.

The trial court correctly sustained the plea of *res judicata*. The general rule is stated in 30 Am. Jur., § 178, pages 920-923, as follows: "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively

settled by a judgment rendered therein, and that such facts or questions become *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject-matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief.'' Among the numerous cases cited in support of this principle are *Equitable Life Assur. Assoc.* v. *Bagley,* 192 Ark. 749, 94 S. W. 2d 722; and *Phillips* v. *Colvin,* 114 Ark. 14, 169 S. W. 316.

In *National Surety Co.* v. *Coates,* 83 Ark. 545, 104 S. W. 219, this court said: ''A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground for recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact, once so determined, must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.'' See, also, *Morgan* v. *Kendrick,* 91 Ark. 394, 121 S. W. 278, 134 Am. St. Rep. 78. This court has also held that the test of whether a particular point, question or right has been concluded by a former suit and judgment is whether such point, question or right was distinctly put in issue and determined by such suit and judgment. *Pulaski County* v. *Hill,* 97 Ark. 450, 134 S. W. 973.

An examination of the transcript of the former appeal reflects that appellants first filed their complaint claiming an interest in the entire 160 acres, but later amended their complaint so as to claim an interest only in the west half thereof. In that suit appellants alleged that the same deed which they seek to cancel in this case was altered and changed before it was filed for record.

It is admitted in the stipulation on this appeal that the exact question of the genuineness of the signatures of the grantors in said deed was passed on and determined by the trial court in the former suit. It is also admitted that the same parties are involved in this suit as were involved in the former suit. The same subject-matter is involved here, except the entire southeast quarter of section 9, township 17 south, range 14 west is involved in this suit while only the west half of said southeast quarter was involved in the former suit. But the deed which appellants seek to cancel as a forgery in this suit conveys the entire southeast quarter and is the same deed which was finally and judicially determined to be genuine and valid in the former suit. It is, therefore, immaterial that only the west half of said quarter section was involved in the former suit.

The issue whether or not the deed was a forgery was fully and fairly investigated and determined in the former suit. The decree in the former suit was a decision on the merits of the identical question involved in this suit, and between the same parties. The former decree is, therefore, conclusive of the issue and is a bar to the instant suit. The trial court was correct in so holding and in sustaining the plea of *res judicata.*

The decree is accordingly affirmed.