ADAIR *v.* BROOKS.

5-645

277 S. W. 2d 482

Opinion delivered April 11, 1955.

*Davis & Allen* and *H. W. Varner,* for appellant.

*Bernard Whetstone,* for appellee.

ROBINSON, J. Appellees are partners doing business as Brooks and Jean Lumber and Supply Company. This is a continuation on their part of an effort to collect for materials and supplies sold to one Claud R. McSpadden and used in drilling for oil.

McSpadden had a contract with the Superior Oil Company to drill for oil on a leasehold in Ashley County owned by the Oil Company. The supplies were used by McSpadden in connection with this contract. From October 1 to December 16, 1949, appellees sold to McSpadden materials in the sum of $2,576.33, for which they were

not paid. This is the third lawsuit filed by Brooks and Jean in an attempt to collect the debt.

Brooks and Jean first sued McSpadden and the Oil Company attempting to establish a lien on the leasehold belonging to Superior on the strength of Arkansas Statute, § 51-707. The Chancellor gave judgment against McSpadden, and decreed that Brooks and Jean were entitled to a lien "as against the interest or equity, if any, of Claud R. McSpadden" in the leasehold. Brooks and Jean obtained no judgment against Superior, nor any lien on Superior's interest. The decree was affirmed in this court. *Brooks* v. *McSpadden,* 219 Ark. 718, 244 S. W. 2d 144.

Later, Superior transferred its interest in the leasehold to appellant herein Robert E. Adair.

Subsequently, Brooks and Jean filed the second suit, alleging that the Oil Company had converted to its own use and sold to another party the interest owned by McSpadden in the leasehold, and that Brooks and Jean, under the decree of the Chancery Court, had a lien on the interests belonging to McSpadden, wrongfully converted by Superior. The cause was transferred to the Federal Court. The United States District Court rendered judgment in favor of Superior, and the Circuit Court of Appeals affirmed the judgment, holding that McSpadden had not fulfilled his contract with Superior and therefore had no interest in the leasehold. *Brooks, et al* v. *Superior Oil Company,* 8 Cir., 210 F. 2d 533.

The present suit was filed by Brooks and Jean against Adair whereby they seek to subject the leasehold to a lien on the theory that Superior has sold to Adair an interest belonging to McSpadden.

Among other pleas, Adair set up the defense of *res adjudicata,* contending that the Federal Court had adjudicated the issue of whether McSpadden owned any interest in the leasehold. The Chancellor ordered a foreclosure of McSpadden's interest in the leasehold, but made no finding as to just what interest he owned therein.

Adair has appealed from the decree of foreclosure claiming, among other things, that the issue of whether McSpadden owned any interest is *res adjudicata*. Adair, being the successor in title to Superior, may invoke the rule of *res adjudicata* available to Superior. *Carrigan* v. *Carrigan,* 218 Ark. 398, 236 S. W. 2d 579; *Ripley* v. *Kelly,* 209 Ark. 389, 190 S. W. 2d 526. Brooks and Jean have cross-appealed, contending that the Chancellor should have made a definite finding that McSpadden's interest amounts to more than the debt he owes to appellees.

In *Brooks, et al.* v. *Superior Oil Company, supra,* it is specifically pointed out that McSpadden had failed to fulfill his part of the contract with Superior, and, by reason of such failure, he had no interest in the leasehold. It will be remembered that in the first case between Brooks and Jean, on one side, and McSpadden and Superior, on the other, the Chancellor had not found that McSpadden had an interest in the leasehold, but decreed that Brooks and Jean should have a lien on McSpadden's interest *if any*. In the federal case, the point of whether McSpadden had any interest was directly in issue, and there it was held that McSpadden had no such interest.

Brooks and Jean have a judgment against McSpadden only, and if he has no interest in the leasehold, then of course the judgment creditors cannot go to that source to collect their debt. The Federal Court case disposed of the issue of whether McSpadden had any interest in the leasehold. Hence, appellant's plea of *res adjudicata* should have been sustained.

Reversed on appeal.

Affirmed on cross-appeal.