Charlotte Isabel SIDES, Plaintiff,

v.

James T. HAYNES and J. Guy Henderson, Individually, and James T. Haynes and J. Guy Henderson, Co-executors of the Estate of N. J. Henderson, deceased, Defendants.

Civ. A. No. 807.

United States District Court
W. D. Arkansas,
Hot Springs Division.
March 16, 1960.

N. L. Schoenfeld, Hot Springs, Ark., for plaintiff.

Wootton, Land & Matthews, Hot Springs, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

This is the third in a series of actions in which the plaintiff, Charlotte Isabel Sides, seeks to gain possession of a motel located in Hot Springs, Arkansas, and known as "King Arthur Courts." The case is now before the court on the de-

fendants' motion for summary judgment filed February 25, 1960, pursuant to Rule 56, Fed.R.Civ.P., 28 U.S.C.A., on the ground that all matters embraced in the plaintiff's complaint have been adjudicated, and such adjudication is res judicata.

Upon the filing of the motion for summary judgment the parties were advised by letter dated February 26, 1960, written by the Judge of this court, that the court desired to dispose of the motion at the earliest possible time, and requested the attorneys for the defendants to proceed at once to prepare and serve brief of the defendants in support of the motion on the attorney for the plaintiff, and that if the attorney for plaintiff desired to file a brief in opposition to the motion that he proceed to do so within ten days after receipt of the brief from the attorneys for the defendants. They were advised further that in the event the attorneys for the defendants did not desire to file a brief, they should advise the court and the attorney for the plaintiff so that he could proceed to file brief of plaintiff.

To provide a procedure for the expeditious consideration and determination of motions filed in the various divisions of the Western District of Arkansas, the court on February 8, 1949, adopted Local Rule 8, which provides that unless otherwise ordered, motions shall be submitted and determined upon the record and motion papers. The Rule further provides that at the time of filing a motion, the movant, if he desires to file a brief in support of the motion, shall serve on the opposing party and file with the court such brief simultaneously with the filing of the motion. The opposing party is required to serve and file within ten days from the time a copy of the motion and supporting papers have been served upon him his statement and reasons in opposition to the motion, along with citation of authorities upon which he relies.

The attorneys for the defendants advised the court and the attorney for the plaintiff on February 26 that they did not desire to file a brief in support of the motion. More than ten days have expired since the attorney for the plaintiff received such information, and he has not filed any response and brief in opposition to the motion, and the court under paragraph (c) of Local Rule 8 is authorized to proceed to the consideration and disposition of the motion.

The following facts are disclosed by the pleadings and attachments thereto, and are not in dispute.

N. J. Henderson was the owner and operator of King Arthur Courts at the time of his death on March 5, 1957. Mr. Henderson died testate and domiciliary administration of his estate was instituted in the County Court of Lauderdale County, Tennessee. Ancillary proceedings were instituted in the Probate Court of Garland County, Arkansas, on March 20, 1957. On March 25, 1957, the will was admitted to probate and letters of administration were issued to the defendants, James T. Haynes and J. Guy Henderson, as co-executors of the estate of N. J. Henderson, deceased. The co-executors are citizens and residents of Tennessee.

Item six of N. J. Henderson's will provides:

"I hereby will, give and devise unto my faithful and loyal friend, Charlotte Isabel Sides, in appreciation of the devotion and loyalty she has shown to me, my Motel located on and at 1501–03 Central Avenue, Hot Springs, Arkansas, known as 'King Arthur Courts', for and during her natural life with remainder in fee at her death to my five children, namely, Nell H. Portis, Ruth H. Smith, Ella Mae H. Escue, Roland Henderson and Sammy Henderson. To have and to hold said above described motel property, including an adjoining vacant lot on the West Side thereof, unto the said Charlotte Isabel Sides, for and during her natural life and upon her death to the full and absolute fee simple title in and to the same to vest in my said children, Nell H. Portis, Ruth H. Smith, Ella Mae H. Escue, Roland

Henderson and Sammy Henderson as equal tenants in common."

Prior to the death of N. J. Henderson the plaintiff, Charlotte Isabel Sides, a resident and citizen of Hot Springs, Arkansas, had been the manager of the motel. Immediately upon the death of Mr. Henderson, the defendants, in their capacity as co-executors of the estate under the will of decedent, secured possession of the motel and have operated it continuously since that date. The plaintiff has received no rents or profits from the operation. On May 7, 1957, the defendants as co-executors obtained an order from the Probate Court authorizing them to continue operation of the motel for a period of three months from April 18, 1957. Thereafter, on September 17, 1958, December 30, 1958, March 30, 1959, June 22, 1959, and September 22, 1959, the co-executors filed with the court their petition for authority to continue the operation of the motel for periods of three months at a time.

On May 13 1957, the defendants as co-executors were advised by registered letter from the District Director of the Internal Revenue Service in Nashville, Tennessee, of a tax claim against the estate of N. J. Henderson, deceased, in the amount of $343,663.28. The letter also advised the defendants of their liability as co-executors. On April 2, 1958, the defendants were advised in more detail of the tax liability of the decedent.[1]

On June 12, 1958, the plaintiff by her attorneys, Sam L. Anderson and Hendrix Rowell, filed a petition in the Probate Court of Garland County seeking reimbursement for the use and enjoyment of the motel property by the defendants; attorney's fees; a general accounting; punitive damages; attachment of a bank account; and possession of the motel. This action was directed against the defendants individually and as co-executors.

On July 9, 1958, the Probate Court of Garland County held a hearing on the merits of the petition and response thereto. Oral testimony was introduced and exhibits were received in evidence. Following the hearing, the Probate Court made and entered an order providing, inter alia:

"It is, therefore, by the court, considered, ordered, adjudged and decreed that James T. Haynes and J. Guy Henderson, co-executors of the estate of N. J. Henderson, deceased, were and are rightfully in possession and entitled to retain possession

1. "Dear Mr. Haynes:
"We have been informed that you and Mr. J. Guy Henderson are co-executors of the estate of Mr. Newton Jasper Henderson, Ripley, Tennessee.
"We wish to call your attention to the provisions of Section 3467 of the Revised Statutes of the United States which state:
" 'Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid, * * *'
"At the present time Mr. Henderson's taxes for the years 1941 through 1954 are under active investigation by the Internal Revenue Service. In view of this pending determination no distribution should be made of the assets of the estate.

You could become personally liable to the extent of such payments made from the estate, as specified in Section 3467. A copy of this letter is being filed with the Chancery Court of Lauderdale County. Mr. Henderson owes taxes as follows:

| 1941 | $ 635.49* | 1948 | $10,577.44* |
| 1942 | 10,280.57* | 1949 | 19,886.69* |
| 1943 | 15,978.49* | 1950 | 21,895.23* |
| 1944 | 13,360.39* | 1951 | 40,771.21* |
| 1945 | 12,020.49* | 1952 | 94,457.95* |
| 1946 | 16,430.38* | 1953 | 2,919.90* |
| 1947 | 87,368.95* | 1954 | 1,252.39* |

* Plus interest according to statute.
"Our records do not disclose the receipt of a return for 1956. We will appreciate it if you will advise us as to the exact name and mailing address indicated on the 1956 return.
Very truly yours,
J. M. Rountree
District Director
/s/ John H. Faragher, esq
John H. Faragher
Special Procedures Section"

of the real and personal property known as 'King Arthur Court', and they are hereby authorized and directed, to continue the operation of the business known as 'King Arthur Court' for the use and benefit of the estate for an additional term of three months from and after July 2, 1958, and to report their actions to this court; that James T. Haynes and J. Guy Henderson be dismissed as parties to said petition as this court has no jurisdiction over said individuals, and all allegations of the petition filed on behalf of Charlotte Isabel Sides are dismissed as to the said James T. Haynes and J. Guy Henderson; that all allegations contained in the petition filed by Charlotte Isabel Sides relating to damages against James T. Haynes and J. Guy Henderson, as co-executors of the estate of N. J. Henderson, deceased, be stricken from the petition filed on behalf of Charlotte Isabel Sides and that said petition, after striking therefrom all allegations relating to damages, be, and the same is hereby dismissed."

No appeal was taken from the judgment.

On June 1, 1959, the plaintiff by her present attorney, N. L. Schoenfeld, again filed a petition in the Probate Court of Garland County seeking possession of the motel; recovery of income received from its operation; punitive damages; attorney's fees; and for voluntary waste. On July 27, 1959, a hearing was held on the merits of the petition and response thereto. Oral testimony was taken and the case was submitted and taken under advisement by the Probate Court.

While the case was under consideration by the Probate Court, the plaintiff filed her complaint in the instant action in the Circuit Court of Garland County on November 20, 1959. This action was against the defendants individually and as co-executors of the estate of N. J. Henderson, deceased. In due time it was properly removed to this court. In the complaint the plaintiff seeks possession of the motel; recovery of income received from rent; for voluntary waste and for what is termed "defamation." In regard to the claim of "defamation" the plaintiff alleges that she has "been subjected to ridicule and to scorn, and has been caused to suffer in her personal and business reputation and has been defamed by the Defendants' words and actions, and by reason of defendants' unlawful possession, in the sum of $50,-000.00."

Separate summons were issued for the defendants as individuals and as co-executors. Service of the summons upon the defendants as co-executors was properly made upon Fred Shelton who had been appointed process agent to receive process for the defendants as co-executors in accordance with Ark.Stat.Ann., Sec. 62-2201(6) (b), (1959 Supp.). Fred Shelton was also served with the summons issued for the defendants as individuals. The defendants moved to quash such service as to them as individuals, and on December 9, 1959, this motion was sustained. On December 10, 1959, a new summons for the defendants individually was issued and was delivered to the Secretary of State by some unnamed person, presumably in an effort to obtain service under the provision of Ark.Stat. Ann., Sec. 27–340. However, there was no return upon the summons indicating who served it or how it was served. Accordingly, such service was quashed on February 17, 1960.

On December 8, 1959, the defendants as co-executors of the estate of N. J. Henderson, deceased, filed their answer in which they admitted that plaintiff is the owner of a life estate in the motel, but deny that she is entitled to possession. All other material allegations were denied, and as an affirmative defense the defendants alleged that the order of the Probate Court of Garland County entered July 9, 1958, is res judicata of the matters set forth in the complaint.

On March 7, 1960, the Probate Court of Garland County entered an order dismissing the second petition of plaintiff, Charlotte Isabel Sides, filed June 1, 1959.

The defendants have filed a certified copy of this order in support of their motion for summary judgment. The order provides, inter alia:

"And the court being well and sufficiently advised as to all matters of fact and law arising herein, and the premises being fully seen, doth find that on June 12, 1958, Charlotte Isabel Sides, by her attorneys, Sam L. Anderson and Hendrix Rowell, filed a petition in this court setting forth identical issues and allegations as in her petition filed on June 2, 1959, and that this court did, on June 30, 1958, enter an order dismissing the said petition, and that all of the material allegations were concluded by order of this court entered on June 30, 1958, and that said order was res judicata of the issues raised in the petition of June 2, 1959, except as to the allegations contained in paragraph 4 of the petition on allegations of waste permitted by the co-executors, and upon which no evidence was offered by the petitioner, and that the petition of Charlotte Isabel Sides should be dismissed.

"The court further finds that the petition of James T. Haynes and J. Guy Henderson, for grant of authority to continue to operate the King Arthur Court is in the best interest of the estate and should be granted."

■ The question now to be determined in this litigation is simply whether or not the judgments of the Probate Court are res judicata as to the issues in the present case. In Arkansas the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of all rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Watson v. Suddoth, 1951, 218 Ark. 960, 239 S.W.2d 602.

The primary issue in the instant case is the same as it was in the proceedings in the Probate Court. It is simply—are the defendants, as co-executors, in rightful possession of the King Arthur Courts? The supplemental issues of compensatory damages, punitive damages, and litigation expenses are dependent upon the determination of the primary question.

In Ripley v. Kelly, 1945, 209 Ark. 389, at pages 391–392, 190 S.W.2d 526, at page 527, the Supreme Court of Arkansas said:

"The trial court correctly sustained the plea of res judicata. The general rule is stated in 30 Am.Jur., Sec. 178, pages 920–923, as follows: 'It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief.' Among the numerous cases cited in support of this principle are Equitable Life Assur. Soc. of United States v. Bagley, 192 Ark. 749, 94 S.W.2d 722, and Phillips v. Colvin, 114 Ark. 14, 169 S.W. 316, L.R.A.1915E, 875".

In National Surety Co. v. Coates, 1907, 83 Ark. 545, 104 S.W. 219, 220, the same court said:

"A right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction as a ground for recovery,

cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

■ The test of whether a particular point, question or right has been concluded by a former suit and judgment is whether such point, question or right was distinctly put in issue and determined by such suit and judgment. Pulaski County v. Hill, 1911, 97 Ark. 450, 134 S.W. 973.

The Probate Court of Garland County fully considered the primary issue of whether or not the defendants, as co-executors, were in rightful possession of the property. On July 9, 1958, the Probate Court specifically found that the defendants were in rightful possession and authorized them to continue the operation of the motel. This authorization to operate has since been periodically extended. The finding that the defendants are in rightful possession of the motel was reaffirmed by the Probate Court on March 7, 1960, when it dismissed the plaintiff's second petition and held that its order of July 9, 1958, was res judicata as to the issues raised in the subsequent petition.

■ There can be no doubt but what the orders of the Probate Court entered in the prior proceedings constitute final judgment. Ark.Stat.Ann., Sec. 62–2016, subd. a (1959 Supp.), provides for appeals to the Arkansas Supreme Court for persons aggrieved by an order of the Probate Court in proceedings under the Probate Code. An order of the Probate Court upon subject matter and between parties over which it has jurisdiction remains binding upon all parties interested therein until it is set aside under proper procedure. Johnson v. Crawfis, D.C.E.D.Ark.1955, 128 F.Supp. 230.

■ The judgment of the Probate Court of Garland County entered July 9, 1958, was one rendered on the merits of the case insofar as the question of possession of the motel property was concerned. The Probate Court did dismiss the plaintiff's claim for damages against the defendants individually and as co-executors, holding it was without jurisdiction to hear and determine such matters. However, the primary issue of whether the defendants as co-executors were in rightful possession of the motel was determined after a full hearing and must be considered as a judgment on the merits.

■ The Probate Court of Garland County was a court of competent jurisdiction to hear and determine the question of the defendants' possession of the motel. The property was located in Garland County and ancillary administration of the estate of N. J. Henderson was being conducted there under the supervision of the Probate Court. Ark.Stat. Ann., Sec. 62–2004 subd. b (1959 Supp.), provides:

"The Probate Court shall have jurisdiction of the administration, settlement and distribution of estates of decedents, the probate of wills, the persons and estates of minors, persons of unsound mind and their estates, the determination of heirship, adoption, and (concurrent with jurisdiction of other courts) jurisdiction to restore lost wills and for the construction of wills when incident to the administration of an estate; and all such other matters as are now or may hereafter be by law provided. The judge of the Probate Court shall try all issues of law and of fact arising in causes or proceedings within the jurisdiction of said court and therein pending. The court shall have the same powers to execute its jurisdiction and to carry out its orders and judgments, including the award of costs, as now exist in courts of general jurisdiction; and the same presumptions shall exist as to the validity of its orders and judgments as of

the orders and judgments of courts of general jurisdiction."

The judgment of the Probate Court is, therefore, conclusive as to the rightful possession by the defendants, as co-executors, of the motel. This is the primary issue in the instant case and, as before stated, the supplemental claims of the plaintiff for recovery of rents and "defamation" are necessarily dependent upon the determination of the primary issue of possession. The true reason for holding an issue res judicata is not necessarily the identity or privity of the parties, but the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy, and that a plaintiff who deliberately selects his forum is bound by an adverse judgment therein in a second suit involving the same issue. Rose v. Jacobs, Ark. 1959, 329 S.W.2d 170.

The issue of voluntary waste was not raised or decided in the first proceeding in the Probate Court. It was, however specifically pleaded in the plaintiff's subsequent petition in the Probate Court and in the judgment of March 7, 1960, the Probate Judge found that no evidence was offered on the issue of voluntary waste in the second hearing and accordingly dismissed the plaintiff's petition. A decree or judgment rendered in previous litigation between parties is not only res judicata as to the issues actually decided but is res judicata of all matters which might have been litigated. Brooks v. Superior Oil Co., D.C.W.D.Ark.1952, 108 F.Supp. 665, affirmed 8 Cir., 1954, 210 F.2d 533.

The issue of whether or not the defendants as co-executors are in rightful possession of the King Arthur Courts was fully and fairly litigated and determined in the Probate Court of Garland County. The judgments in the former suits were decisions on the merits of the identical question involved in this suit and between the same parties. The Probate Court had jurisdiction and its decrees are final and conclusive. There-fore, the defendants' motion for summary judgment should be sustained.

A judgment in accordance with the above is being entered today.